UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOHN DOE,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:16-cv-00181-cr |
| | ) |
| UNIVERSITY OF VERMONT, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT UNIVERSITY OF VERMONT'S MOTION TO DISMISS**

NOW COMES Defendant, University of Vermont[2] (the "University"), by and through counsel, Dinse, Knapp & McAndrew, P.C, and pursuant to Fed. R. Civ. P. 12(b)1 and 12(b)(6), moves to dismiss the Complaint for Declaratory Judgment and Request for Temporary Injunction[3] (the "Complaint") in the above-referenced action with prejudice. In support of this Motion, the University submits the following Memorandum of Law and supporting exhibits.

**MEMORANDUM OF LAW**

**I.  INTRODUCTION**

**A.  The University's Sexual Misconduct Investigation Procedures**

Title IX of the Education Amendments of 1972 and its implementing regulations, 34 C.F.R. § 106.1 *et seq.*, prohibit discrimination on the basis of sex in education programs or activities operated by recipients of federal financial assistance, including the University. 34 C.F.R. § 106.8(b) specifically requires all recipients to adopt and publish grievance procedures

---

[1] The University opposes Plaintiff's request to proceed under a pseudonym by a separate filing submitted concurrently with this Motion.

[2] The official name of the University is The University of Vermont and State Agricultural College.

[3] The University opposes Plaintiff's request for "temporary injunction" by a separate filing submitted concurrently with this Motion.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

providing for the "prompt and equitable" resolution of sex discrimination complaints. As part of these procedures, schools generally conduct investigations to determine whether sexual harassment or violence occurred. The Department of Education's Office of Civil Rights ("OCR") evaluates a school's grievance procedures for compliance with Title IX and its implementing regulations. Among other things, OCR evaluates the duration of investigations to ensure that they are reasonably prompt.

The University's Procedural Guidelines for Handling and Resolving Discrimination Complaints and Interim Sexual Harassment and Misconduct Policy[4] set out the University's procedures for investigating allegations of discrimination, including sexual misconduct by a student. *See* Ex. A. The formal investigation begins when the University's Office of Affirmative Action and Equal Opportunity ("AAEO") issues written notice to a student (the "Respondent") advising him or her that an investigation for possible violation of University policy has been initiated. *Id.* at 3-4. The notice also states the general allegations giving rise to the investigation. *Id.* The designated AAEO Investigator will then invite the Respondent to be interviewed (with an advisor, if he or she so chooses), but the Respondent is under no obligation to participate. *Id.* Both the Respondent and the subject of the alleged sexual

---

[4] On a motion to dismiss under Rule 12(b)(6), courts may consider the "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quotation omitted). In addition, courts may review documents that are "integral to the complaint." *Id.* "A document is integral to the complaint where the complaint relies heavily upon its terms and effect." *Id.* (quotation omitted)." The University's Procedural Guidelines for Handling and Resolving Discrimination Complaints, Interim Sexual Harassment and Misconduct Policy, and email correspondence with Plaintiff and his counsel are incorporated by reference in, or are integral to, the Complaint and are therefore properly considered in the context of this Motion.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

harassment or misconduct (the "complaining party")[5] may submit additional information (including the names of potential witnesses) to the AAEO Investigator, as well as a list of relevant questions the Respondent would like asked of the complaining party. *Id.* The AAEO has sole discretion to interview other witnesses, consider the evidence offered, and determine which questions are appropriate and relevant to the case. *Id.*

Before the investigation is finalized, AAEO will provide both parties an opportunity to review and respond to the totality of relevant facts collected. *Id.* The parties' responses must be submitted in writing within five business days of transmission. Generally, the parties must respond in writing, but the Executive Director of Human Resources and Affirmative Action may, in his or her discretion, allow oral responses in appropriate cases. *Id.*

Typically, the investigation will be completed within 60 days from the filing of the formal complaint (though extensions may be granted in some circumstances), which is consistent with OCR guidance on the topic. *Id.* Upon completion of the investigation, the AAEO Office will issue a written report setting forth its findings and the basis for its conclusions. *Id.* A copy of the report will be provided concurrently to both parties. *Id.* If the AAEO Office finds a student responsible for sexual misconduct, then the final report will be forwarded to the University's specially-trained Sexual Harassment & Misconduct Sanctioning Panel (the "Panel"). Ex. B at 9. Three Panel members will be appointed to determine the appropriate sanction(s) as provided in the University's Sexual Harassment and Misconduct Panel Procedures. *Id.*

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

---

[5] The University serves as the named Complainant in all cases where a determination is made that the University must proceed with an investigation, irrespective of whether the subject of alleged discriminatory and/or harassing behavior has agreed to participate in that process. Ex. A at 3.

Either party may appeal the final AAEO decision and/or any resulting sanction(s) imposed by the Panel to the Dean of Students, or a designee thereof, within five business days of the Panel's final determination. The grounds for appeal are as follows: (1) a procedural error unfairly and materially affected the outcome of the case; (2) evidence has been discovered that was not reasonably available at the time of the investigation or sanctioning determination; or (3) there was a clear abuse of discretion on the part of the AAEO Investigator or Panel. *Id.*

**B.     The University's Pending Investigation**

On June 10, 2016, the University notified Plaintiff that the AAEO Office had "received information alleging that [Plaintiff] had engaged in conduct directed to [the complaining party] that, if proven true, would be a violation of UVM Policy V. 7.11.1: Sexual Harassment & Misconduct - Interim." Ex. C. On June 15, 2016, the AAEO investigator advised Plaintiff and his lawyer of the date (April 10th), general timeframe ("early morning hours"), and location ("your residence at the time") of the alleged incident and that the allegations against Plaintiff would constitute sexual assault in violation of University policy, if proven true by a preponderance of the evidence. Ex. D. The investigator also advised Plaintiff that he would be able to share more specific information about the allegations during an interview with him (which his attorney could attend). The investigator further advised Plaintiff that after witness interviews were completed, Plaintiff would have an opportunity to review and respond to the written summaries of them and the documents that AAEO would consider during the investigation process.

On June 20, 2016, Plaintiff's counsel informed the investigator by email that Plaintiff wished to participate in the interview but that he and his co-counsel would need additional time

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

4

to prepare his defense prior to the interview.[6]  Ex. E.  Plaintiff's counsel additionally requested that the investigator provide a copy of the statement provided by the person who was the subject of Plaintiff's alleged misconduct.  The investigator responded on June 24, noting that Plaintiff at that time knew the name of the complaining party, the general type of conduct at issue, the location of the alleged incident, and the date of the alleged incident.  Ex. F.  The investigator advised Plaintiff's attorney that AAEO would not disclose further information at that stage of the investigation but that Plaintiff would have an opportunity to review and respond to the record of investigation before the final report was complete.  *Id.*  The investigator informed Plaintiff's attorney that he needed to interview Plaintiff before June 30, 2016—a deadline which he later pushed back to July 6, 2016—nearly one month after Plaintiff received notice of the investigation.  Ex. G.  Plaintiff proceeded to file this lawsuit.

## II. ARGUMENT

### A. The Complaint Should be Dismissed in its Entirety for Lack of Subject Matter Jurisdiction under Rule 12(b)(1).

Article III of the United States Constitution permits federal courts to adjudicate only "actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  Accordingly, to invoke the jurisdiction of a federal court, a plaintiff must demonstrate that he or she has suffered, or is threatened with, an actual injury traceable to the defendant's actions, and that the federal court must be able to grant effectual relief.  *Id*.

The doctrine of standing "serves to identify those disputes which are appropriately resolved through the judicial process" under Article III.  *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).  In order to establish standing, a plaintiff must demonstrate that he or she has

---

[6] Plaintiff was initially represented by Richard Goldsborough, Esq., of Kirkpatrick & Goldsborough, PLLC, and his retention of new counsel has caused further delay in the University's investigation.  Indeed, Attorney Goldsborough never requested the materials that Plaintiff now claims to be constitutionally required.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

5

suffered an injury in fact—that is, an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). Standing is a jurisdictional question. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103 (1998).

On its face, Plaintiff's Complaint fails to identify a cognizable injury sufficient to support standing to bring this suit. He alleges that the University's refusal to permit him to review the complaining party's statement prior to his interview violates unspecified due process rights, in that it prevents him from "conducting a thorough investigation of the allegations that have been made by the accuser and significantly impairs his ability to prepare for [his] interview and his defense to the allegations." Complaint ¶ 23. However, the Due Process clause of the Fourteenth Amendment does not afford an individual a right to dictate when and how an investigation into his alleged misconduct shall be conducted. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). All that is required in this context is that "students facing suspension and the consequent interference with a protected property interest must be given some kind of notice and afforded some kind of hearing." *Goss v. Lopez*, 419 U.S. 565, 579 (1975). "The adequacy of the proceedings is measured by rudimentary fairness and not by strict formality." *Danso v. Univ. of Connecticut*, 919 A.2d 1100, 1106 (Conn. Super. Ct. 2007) (citing *Dixon v. Alabama Bd. of Educ.*, 294 F.2d 150, 159 (5th Cir. 1961)).

The University's investigation into Plaintiff's alleged misconduct is in its nascent stage, and it is yet to be seen whether the AAEO Investigator will even find him responsible for the alleged misconduct. Plaintiff has been informed of the nature of the allegation (sexual

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

misconduct/assault), the name of his accuser, and the location and date of the alleged incident. He has been offered, and has accepted, an opportunity to meet with the AAEO Investigator to present his version of events and discuss the specific allegations against him. Following that interview, Plaintiff will have an opportunity to submit additional evidence and propose questions for the AAEO Investigator to ask the complaining party. Before the AAEO investigator has completed his investigation, Plaintiff will have an opportunity review and respond to the totality of facts collected. Were the AAEO Office to find him responsible for sexual misconduct upon completion of the investigation, Plaintiff would have an opportunity to appeal that decision.

Thus, Plaintiff's alleged due process injury is illusory. He has not been deprived of any interest in life, liberty, or property, and any allegation that such an injury will occur is entirely speculative, especially at this early stage of the investigation. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." (internal quotation and citation omitted) (emphasis in original)); *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process."). Plaintiff has therefore failed to meet the threshold requirement of demonstrating an invasion of a legally protected interest, and his Complaint should be dismissed for lack of standing.

The Complaint additionally fails to meet the jurisdictional requirement of ripeness. *See Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) ("Ripeness is a jurisdictional inquiry."). The doctrine of ripeness is designed "to prevent the courts, through

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-808 (2003) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967)).

Plaintiff's suit against the University invites the Court both to dictate the minutiae of the University's investigatory process and to speculate about the constitutional adequacy of an outcome that has yet to occur. This is precisely the type of "abstract disagreement" that the United States Supreme Court has shielded from judicial interference. Plaintiff's due process claim is not ripe for adjudication and should be dismissed.

### B. The Complaint Should be Dismissed under Rule 12(b)(6) Because it Fails to State a Claim for Declaratory Relief under the Declaratory Judgment Act.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts demonstrating a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In analyzing a complaint, a court is first required to "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012) (citation omitted). The remaining factual allegations must "provide the grounds of [the] entitle[ment] to relief," and this "requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . [.]" *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff seeks declaratory judgment under 28 U.S.C § 2201, which provides, in relevant part: "In a case of actual controversy within its jurisdiction . . . any court of the United States,

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "The question in each case" brought under 28 U.S.C. § 2201 "is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1940).

Plaintiff's claim falls far short of this standard. The sole controversy between the parties is whether Plaintiff should be entitled to view the complaining party's statement now—prior to his interview with the AAEO Investigator—or later in the investigation process. Under either circumstance, he will have an opportunity to review that statement and respond to it and all other facts collected during the investigation. Whether he does so now or a few days or weeks from now is totally inconsequential, and thus there is no legal basis for his demand that the Court interfere with the University's ongoing Title IX investigation.

In short, Plaintiff has alleged no actual constitutional "deprivation." Nor could he, since the investigation is in its earliest stages and no findings have been made, no conclusions have been reached, and no sanction has been imposed. Indeed, the Complaint concedes that Plaintiff has been given notice and will receive an opportunity to be heard. Complaint ¶¶ 5, 10. The Due Process Clause does not empower a student to demand every piece of evidence against him when he desires it, as opposed to receiving that material when the University's policies and procedures provide for its production.

Plaintiff is not entitled to declaratory relief under 28 U.S.C. § 2201 because he has failed to state a claim as a matter of law.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

## III. CONCLUSION

The University respectfully submits that the Court should dismiss the Complaint in its entirety because Plaintiff lacks standing, his claim is not ripe, and he has failed to state a claim upon which relief can be granted.

Dated: July 7, 2016

Respectfully submitted,

By: /s/ Ritchie E. Berger, Esq.
Ritchie E. Berger

DINSE, KNAPP, & MCANDREW, P.C.
P.O. Box 988
Burlington, VT 05402-0988
Telephone: (802) 864-5751
rberger@dinse.com

Attorney for University of Vermont

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

Brooks G. McArthur, Esq.
David J. Williams, Esq.

/s/Ritchie E. Berger, Esq.
Ritchie E. Berger
Dinse, Knapp & McAndrew, P.C.
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751
rberger@dinse.com

Attorney for University of Vermont

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988
(802) 864-5751